IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CR-10-186-001-F |
| ALAMO JOSEPH SMITH, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION FOR
SENTENCE REDUCTION PURSUANT TO AMENDMENT 821**

In this case, the United States asks this Court to deny the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Doc. 169) because the defendant, Alamo Joseph Smith, is ineligible. Specifically, Amendment 821 does not lower the defendant's criminal history category because the criminal history category is controlled by the career offender guideline.

## Facts

On October 5, 2010, the defendant pleaded guilty to (1) possession with intent to distribute cocaine base (Count 1), in violation of 21 U.S.C. § 841(a)(1), (2) possession of firearms in furtherance of a drug trafficking crime (Count 4), in violation of 18 U.S.C. § 924(c)(1)(A), (3) an enhanced

penalty for being a felon in possession of firearms (Count 5), in violation of 18 U.S.C. § 924(e)(1), and (4) threatening to assault federal law enforcement officers (Count 10), in violation of 18 U.S.C. § 115(a)(1)(B). Docs. 41, 43. On June 18, 2013, the United States Probation Office released its revised presentence investigation report (PSR). Doc. 74. The PSR grouped Counts 1 and 5. PSR ¶ 28. For Count 1, it recommended a base offense level of 34, plus a two-point enhancement because the defendant maintained a premises for the purposes of distributing cocaine base, for an adjusted offense level of 36. *Id.* ¶¶ 29, 31, 35. For Count 5, the PSR recommended a base offense level of 26, plus a two-point enhancement because one of the firearms was stolen, for an adjusted offense level of 28. *Id.* ¶¶ 36–37, 40. The greater adjusted offense level of 36 from Count 1 was used to determine the defendant's offense level. *Id.* ¶ 41. However, the career offender provision also applied to the defendant, and his offense level as a career offender was determined to be 34. *Id.* ¶ 42; *see also* USSG § 4B1.1(b)(2). The defendant was also categorized as an armed career criminal. PSR ¶ 42. However, because his calculated offense level of 36 was greater than 34, it was used as the adjusted offense level. *Id.*; *see also* USSG § 4B1.1(b). After a three-point

reduction for acceptance of responsibility, the defendant's total offense level was 33.  *Id*. ¶¶ 43–44.

For Count 4, the PSR recommended a mandatory minimum consecutive penalty of 60 months to the minimum and maximum of the otherwise applicable guideline range for Count 1.  For Count 10, the base offense level was 12, plus (1) a four-level reduction because the offense involved a single instance evidencing little or no deliberation, and (2) a six-level enhancement because the victim was a government officer and the offense was motivated by such status, for an adjusted offense level of 14.  *Id*. ¶¶ 46–48, 51.  Because Count 10 could not be grouped with Counts 1 and 5, the application of units was required, but it did not increase the applicable offense level.  *Id*. ¶ 52.

Based upon the defendant's criminal history, his criminal history score was twelve.  *Id*. ¶ 67.  Because the defendant committed the offense while under a criminal justice sentence, two points were added (status points), for a total criminal history score of fourteen points.  *Id*. ¶¶ 68–69.  A criminal history score of fourteen established a criminal history category of VI.  *Id*. ¶ 69.  Further, because the defendant is a career offender, the criminal history category is automatically enhanced to VI.  *Id*.; *see also* USSG § 4B1.1(b).  Combining the defendant's total offense level of 33 and criminal history

category of VI, the PSR recommended a guideline range of 235 to 293 months' imprisonment. *Id.* ¶ 95. Additionally, Count 4 adds a mandatory minimum consecutive penalty of 60 months to each end of the guideline range for an overall applicable guideline range of 295 to 353 months' imprisonment. *Id.* ¶ 95. Neither the United States nor the defendant objected to the PSR. *Id.* at 28.

On August 7, 2013, this Court adopted the PSR without change. Doc. 79 at 1. This Court then departed downward and sentenced the defendant to a total term of 240 months' imprisonment, which consisted of 180 months' imprisonment as to each of Counts 1 and 5, and 120 months as to Count 10, to be served concurrently with one another. The Court then imposed a 60-month term of imprisonment as to Count 4, to be served consecutively to Counts 1, 5, and 10. Docs. 76, 78 at 2.

On March 13, 2024, the defendant filed a Motion Subpart 1 of Amendment 821/841 Amendment (Motion). Doc. 169.

## Discussion

**A.  The law.**

Federal courts generally lack authority to modify a defendant's sentence except where Congress expressly authorizes it. *See Dillon v. United*

4

*States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). But Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]" 18 U.S.C. § 3582(c)(2).

The Supreme Court explained that § 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Congress has given the Commission the authority to determine "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Exercising that authority, the Commission has limited the district court's ability to reduce a sentence under § 3582(c)(2) to not "less than the minimum

5

of the amended guideline range," except where the defendant previously received a lower sentence based upon the government's motion to reflect the defendant's substantial assistance to authorities. USSG § 1B1.10(b)(2)(A)–(B). *See Dillon*, 560 U.S. at 827.

**B.     Application of the law.**

Amendment 821 (Part A) reduces the number of status points assigned to defendants to one if the defendant has seven or more criminal history points and reduces the number of status points to zero if the defendant has fewer than seven criminal history points. *See* USSG Supp. App. C, Amend. 821 (Part A).

The defendant had two status points applied to him, but the defendant's criminal history category is based upon his status as a career offender, which will always result in a Category VI. *See* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Moreover, United States Sentencing Guideline § 1B1.10(a), Application Note 1(A) provides, in part, that:

> "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . ."

Because the career offender guideline controls in this case and directs that the criminal history category is VI, status points are irrelevant, and the defendant is ineligible for a sentence reduction. *See* USSG § 1B1.10(a), cmt. n.1(A).

In his Motion, the defendant also briefly challenges his status as a career offender and armed career criminal. Mot. at 1–2. However, the defendant's argument is not cognizable in an 18 U.S.C. § 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) ("§ 3582(c)(2) does not authorize a resentencing, [but [i]nstead, it [only] permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission"). As in *Dillon*, because the defendant seeks to address aspects of his sentence that were not affected by Amendment 821, this Could should "decline[] to address them." *Id*.

## Conclusion

For these reasons, the defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney


s/ JESSICA L. CÁRDENAS
Jessica L. Cárdenas
Bar Number: 82766 (Ohio)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
jessica.cardenas@usdoj.gov

**Certificate of Service**

  This is to certify that on April 3, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and served the attached document by first-class mail on the following, who is not a registered participant of the ECF System:

  Alamo Joseph Smith
  #17786-064
  Federal Transfer Center – OKC
  P.O. Box 898801
  Oklahoma City, OK 73189

            s/ Jessica L. Cárdenas
            Assistant U.S. Attorney