## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                                                )
           Plaintiff,            )
                                                )
-vs-                                )     Case No. CR-10-186-F
                                              )
ALAMO JOSEPH SMITH,        )
                                              )
           Defendant.     )

## ORDER

Defendant Alamo Joseph Smith, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A) to the United States Sentencing Guidelines.[1]  Doc. no. 169.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 173.  The matter is at issue.

On May 18, 2010, defendant was charged in a ten-count indictment with various offenses.  Pursuant to a plea agreement, defendant pleaded guilty to the following offenses:  (1) Count 1, possession with intent to distribute a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); (2) Count 4, possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (3) Count 5, felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1); and (4) Count 10, threat to

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).  With his motion, defendant also appears to seek a reduction of sentence under "841 Amendment," but it is not clear as to why "841 Amendment" applies to defendant.  The court will not act as defendant's advocate and therefore does not address defendant's request for a sentence reduction under "841 Amendment."

assault and murder federal law enforcement officers, in violation of 18 U.S.C. § 115(a)(1)(B).  Prior to defendant's guilty plea, plaintiff filed a notice of its intent to seek imposition of a 15-year sentence under the enhanced penalty provisions of 18 U.S.C. § 924(e)(1) for defendant's violation of 18 U.S.C. § 922(g)(1).

The Probation Office prepared a revised presentence investigation report (doc. no. 74), filed June 18, 2013, which grouped Counts 1 and 5 pursuant to U.S.S.G. § 3D1.2(c).  The greater adjusted offense level of 36 from Count 1 was used to determine defendant's offense level.  Defendant was determined to have a career offender designation under § 4B1.1 and an armed career criminal designation under U.S.S.G. § 4B1.4.  Because the offense level of 36 was greater than the offense level of 34 for a career offender or armed career criminal, the offense level of 36 was used as defendant's adjusted offense level.  Applying a three-level adjustment for acceptance of responsibility, defendant's total offense level was 33.

For Count 4, the Probation Office recommended a mandatory minimum consecutive penalty of 60 months to the minimum and maximum of the otherwise applicable guideline range for Count 1.

As to Count 10, defendant's base offense level was 12.  Applying a four-level reduction because the offense involved a single instance evidencing little or no deliberation and a six-level enhancement because the victim was a government officer and the offense was motivated by such status, defendant's adjusted offense level for Count 10 was 14.  Because Count 10 could not be grouped with Counts 1 and 5, the application of units was required, but it did not increase the applicable offense level established for Count 1.

Based on his criminal convictions, defendant's subtotal criminal history score was 12.  Defendant was assessed two additional criminal history points (status points) because he committed the offense while under a criminal justice sentence imposed by Carter County District Court.  Therefore, defendant's total criminal history points score was 14, resulting in a criminal history category of VI.  Further,

because defendant was a career offender, the criminal category was automatically enhanced to VI.  With a total offense level of 33 and a criminal history category of VI, defendant's guideline imprisonment range was 235 months to 293 months.

Adding the mandatory minimum consecutive penalty of 60 months required by Count 4 to the minimum and maximum of the otherwise applicable guideline range determined for Count 1, defendant's overall guideline imprisonment range was 295 months to 353 months.

At the sentencing hearing held on August 7, 2013, the court adopted the presentence investigation report without change.  The court granted plaintiff's 5K1.1 motion.  The court recognized the mandatory minimum of 15 years for Count 5 and the mandatory minimum of five years for Count 4 which had to run consecutive to any other sentence.  The court sentenced defendant to a term of imprisonment of 240 months.  Judgment was entered the same day.  Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 (Part A) presumably because he was assessed two additional criminal history points (status points).

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may

consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

At step one, courts must follow the Sentencing Commission's instruction in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 827 (2010).  If a retroactive amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Commission's policy statements and therefore not authorized by § 3582(c)(2).   U.S.S.G.  § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)"  U.S.S.G. § 1B1.10, Application Note 1(A).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 170), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.  Applying Part A of Amendment 821, defendant's status points would be decreased by one, resulting in a criminal history score of 13, which still corresponds to a criminal history category of VI.  Further, by virtue of his status as a career offender, defendant's criminal history category remains at VI. U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case

under this subsection shall be a Category VI.").  Consequently, defendant would still have a total offense level of 33 and a criminal history category of VI, resulting in the same guideline imprisonment range he was assessed.

Because application of Part A of Amendment 821 concerning status points would not have the effect of lowering defendant's applicable guideline range, a reduction of sentence would be inconsistent with the Commission's policy statement and unauthorized by § 3582(c)(2).  Defendant's § 3582(c)(2) motion will therefore be dismissed.

In his motion, defendant appears to challenge his status as a career offender and an armed career criminal.  However, defendant's challenge is not cognizable in this § 3582(c)(2) proceeding.  "[Section] 3582(c)(2) does not authorize a resentencing.  Instead, it permits a sentence reduction within the narrow bounds established by the Commission." Dillon, 560 U.S. at 831.  Because defendant seeks to challenge certain aspects of his sentence that were not affected by Amendment 821, they are outside the scope of this § 3582(c)(2) proceeding and the court declines to address them. Id.

Accordingly, defendant Alamo Joseph Smith's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 (Part A) to the United States Sentencing Guidelines (doc. no. 169) is **DISMISSED**.

DATED this 5th day of April, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0186p051.docx